pursuant to division (a) of this rule until the dispute is resolved. The lawyer shall promptly distribute all portions of the funds or other property as to which the interests are not in dispute.

{¶ 35} "(f) Upon dissolution of any law firm, the former partners, managing partners, or supervisory lawyers shall promptly account for all client funds and shall make appropriate arrangements for one of them to maintain all records generated under division (a) of this rule.

{¶ 36} "(g) A lawyer, law firm, or estate of a deceased lawyer who sells a law practice shall account for and transfer all funds held pursuant to this rule to the lawyer or law firm purchasing the law practice at the time client files are transferred.

{¶ 37} "(h) A lawyer, a lawyer in the lawyer's firm, or a firm that owns an interest in a business that provides a law-related service shall:

{¶ 38} "(1) maintain funds of clients or third persons that cannot earn any net income for the clients or third persons in an interest-bearing trust account that is established in an eligible depository institution as required by sections 3953.231, 4705.09, and 4705.10 of the Revised Code or any rules adopted by the Ohio Legal Assistance Foundation pursuant to section 120.52 of the Revised Code.

{¶ 39} "(2) notify the Ohio Legal Assistance Foundation, in a manner required by rules adopted by the Ohio Legal Assistance Foundation pursuant to section 120.52 of the Revised Code, of the existence of an interest-bearing trust account;

{¶ 40} "(3) comply with the reporting requirement contained in Gov.Bar R. VI, Section 1(F)."

---

Baran, Piper, Tarkowsky, Fitzgerald & Theis Co., L.P.A., and Robert B. Fitzgerald, for relator.

Bricker & Eckler, L.L.P., and Alvin E. Mathews, for respondent.

THE STATE OF OHIO, APPELLEE, *v.* LEONARD, APPELLANT.

[Cite as *State v. Leonard,* 124 Ohio St.3d 470, 2010-Ohio-717.]

(No. 2007–0866—Submitted January 13, 2010—Decided March 4, 2010.)

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, to the extent that the court of appeals held that R.C. 2929.191 could be applied in this case. R.C. 2929.191 may not be applied to a sentence entered prior to July 11, 2006.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent for the reasons stated in the dissenting opinion of LANZINGER, J., in *State v. Singleton.*

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellee.

Ashtabula County Public Defender Office, Inc., and Marie Lane, for appellant.

THE STATE OF OHIO, APPELLEE, *v.* ROSS, APPELLANT.

[Cite as *State v. Ross,* 124 Ohio St.3d 471, 2010-Ohio-719.]

(No. 2007–1407—Submitted January 13, 2010—Decided March 4, 2010.)

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, to the extent that the court of appeals held that R.C. 2929.191 could be applied in this case. R.C. 2929.191 may not be applied to a sentence entered prior to July 11, 2006.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent for the reasons stated in the dissenting opinion of LANZINGER, J., in *State v. Singleton.*